# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| INNO USA, LLC<br>an Illinois Limited<br>Liability Company<br>        Plaintiff,<br><br>        v.<br><br>AMERICAN COMMUNICATIONS OF<br>NYC, INC.,<br>a New York Corporation<br>        Defendant. | No. 04-c-8135<br><br>HONORABLE DAVID H. COAR |

## MEMORANDUM OPINION AND ORDER

Inno U.S.A. LLC ("Plaintiff") filed a three-count complaint against Defendant American Communications of NYC, Inc. ("Defendant") in this Court on December 16, 2004. Defendant moves to dismiss this complaint pursuant to Fed.R.Civ.P. 12(b)(2) for lack of personal jurisdiction. In the alternative, pursuant to 28 U.S.C. §1404(a), Defendant moves to transfer this case to a United States district court sitting in New York.

For the reasons stated below, Defendant's motion to dismiss, or, in the alternative, to change venue, is DENIED.

### Background[1]

Plaintiff, an Illinois limited liability company with its principal place of business in Lincolnshire, Illinois, is in the business of manufacturing and selling Innostream brand cellular

---

[1] Most of the facts are taken directly from the Complaint, which is appropriate at this stage. The jurisdictional facts and those related to the appropriateness of venue can come either from the Complaint or from affidavits and other evidence submitted in support of the jurisdictional allegations.

telephones and related products to cellular phone dealers throughout the world. Defendant, a New York corporation with its principal place of business in New York, New York, is a dealer who purchased products from Plaintiff. This case is about Defendant's failure to pay for some of the products that it purchased from Plaintiff.

On or about December 2003, Defendant began purchasing Innostream products from Plaintiff.[2] Shortly thereafter, one of Defendant's agents traveled to Illinois to discuss additional purchases from Plaintiff and to examine Plaintiff's inventory and warehouse. After that, Defendant remained in contact with Plaintiff by phone.

Defendant's practice was to call Plaintiff's representatives in Illinois and place telephone orders for the products. Plaintiff's representatives would confirm those orders by sending Defendant written invoices and shipping the products from Plaintiff's Illinois offices to Defendant in New York.[3] Defendant was required to pay Plaintiff for the products either at the time of delivery or in some cases within 15 days of delivery. When Defendant paid for the products, it would pay by mailing checks to Plaintiff's Illinois office. The course of dealings between the parties was not entirely free of problems, however, and on or about June 22, 2004, agents of both parties met in Illinois to discuss Defendant's payment delinquencies and future pricing structures.

Plaintiff continued to receive orders after the June 22, 2004 meeting and continued to fill those orders; Defendant continued to lapse on payments. Plaintiff alleges that at least six of the

---

[2]There is some indication that prior to that time, Defendant purchased phones from Plaintiff's predecessor.

[3] The only variation occurred on August 12, 2004, when Defendant sent a "purchase order" to Plaintiff via e-mail. That order was filled and shipped to Defendant.

checks Defendant sent to Plaintiff in July and August 2004 could not be cashed because Defendant had insufficient funds in its bank account. In addition to writing bad checks, Defendant failed to write any checks or provide any other form of payment for at least some of the products that it received from Plaintiff between July 2004 and October 2004.

Plaintiff repeatedly demanded payment for the goods it delivered, to no avail. Then, on December 16, 2004, it filed a three count complaint in this Court.

## Standard

When hearing cases before them because of diversity jurisdiction, federal district courts only have personal jurisdiction over a defendant "if a court of the state in which it sits would have such jurisdiction." *RAR, Inc. v. Turner Diesel, Ltd.*, 107 F.3d 1272, 1275 (7th Cir. 1997). When a defendant challenges a court's exercise of personal jurisdiction, the plaintiff bears the burden of showing that the exercise of jurisdiction over the defendant is proper. *Central States, S.E. & S.W. Areas Pension Fund v. Reimer Express World Corp.*, 230 F.3d 934 (7th Cir. 2000).

## Discussion

*Motion to Dismiss*

Defendant argues that this Court does not have jurisdiction to hear this case because an Illinois court would not have general jurisdiction to hear cases against Defendant. Defendant offers a slew of facts in support of its motion: it points out that it has never been licensed to conduct business in Illinois; it has never had an office, real property, personal property, a post office box number, a telephone number, or a bank account in Illinois; it has never advertised and has had no employees or designated agents in Illinois. Defendant also contends that it did not sell any of the phones it purchased from Plaintiff to Illinois buyers. Regardless of those facts,

however, the Illinois and U.S. Constitutions, as well as the Illinois long-arm statute, permit this Court to exercise specific jurisdiction over Defendant. Defendant has transacted business in the state of Illinois in a manner that indicates that it has purposefully established minimum contacts with Illinois such that an exercise of jurisdiction would be reasonable and fair.

The Seventh Circuit has determined that "the Illinois long-arm statute now 'permits' its courts to exercise jurisdiction on any basis permitted by the Illinois and United States Constitutions.'" *Hyatt Int'l Corp. v. Coco*, 302 F.3d 707, 714 (7th Cir. 2002) (citing *Central States,* 230 F.3d at 940); *see also* 735 Ill. Comp. Stat. 5/2-209(c)("a court may also exercise jurisdiction on any other basis now or hereafter permitted by the Illinois Constitution and the Constitution of the United States."). The Seventh Circuit has also suggested that "there is no operative difference between the limits imposed by the Illinois Constitution and the federal limits on personal jurisdiction." *Coco*, 302 F.3d at 715 (7th Cir. 2002) (citing *RAR, Inc. v. Turner Diesel, Ltd.*, 107 F.3d 1272, 1276 (7th Cir. 1997); *Klump v. Duffus*, 71 F.3d 1368, 1371 n. 4 (7th Cir. 1995)).

Consequently, in order to determine whether jurisdiction exists, this Court must decide whether the Defendant has "purposefully established minimum contacts within the forum state" and whether, given those contacts, an exercise of personal jurisdiction would be reasonable and fair. *Burger King v. Rudzewicz*, 471 U.S. 462, 476-77 (1985). Defendant, in line with the well-settled precedent regarding personal jurisdiction, must have "purposefully availed" itself of the privilege of conducting activities within Illinois, invoking the benefits and protections of its laws, such that it can "reasonably anticipate being haled into court..." *See Asahi-Metal Indus. Co. v.*

*Superior Court*, 480 U.S. 102, 109 (1987); *World-Wide Volkswagon Corp. v. Woodson*, 444 U.S. 286, 297 (1980).

Plaintiff does not allege that this Court has general jurisdiction over Defendant, and so this Court will focus on whether specific jurisdiction exists. In order for there to be specific jurisdiction over a defendant, the suit must "arise out of" or "be related to" the contacts the defendant has with the forum state. *Coco*, 302 F.3d at 716.

In this case, Defendant was involved in an extensive, continuous relationship with Plaintiff, an Illinois company. Shortly after beginning its relationship with Plaintiff, Defendant sent a high-ranking agent to Illinois to negotiate with Plaintiff and establish parameters for the dealings between the parties. Defendant then repeatedly sought out the Illinois company, placing a series of telephone orders for products that were processed and shipped from Illinois. The bulk of the processing of the orders appears to have taken place in Illinois.

When Defendant paid for the products it received, those payments were sent to Illinois. At one point, when Defendant failed to pay for some of the products it received, its agent returned to Illinois for more negotiations with Plaintiff. After that second visit, Defendant continued to contact Plaintiff. Defendant continued to receive products from Plaintiff. Defendant continued to be delinquent in payment.[4] Plaintiff's suit specifically relates to these delinquencies: it arises out of the contacts that Defendant had with Illinois.

---

[4]These facts suggest that Defendant transacted business in Illinois such that exercise of jurisdiction is proper even under the specific transaction of business provision of the Illinois long-arm statute. *See* 735 ILCS 5/2-209(a) (West 1992); *see also*, *D.S. America (East) Inc. v. Elmendorf Grafica, Inc.*, 654 N.E.2d 472, (1st Dist. 1995).

Defendant does not adequately address whether this Court has specific jurisdiction. Moreover, it is reasonable to expect that, in light of Defendant's relationship with an Illinois company and its failure to pay Plaintiff for goods received, Defendant could be sued in Illinois. Defendant purposefully established minimum contacts with Illinois such that it is fair and reasonable to require it to defend itself in Illinois. Defendant's motion to dismiss is DENIED.

*Motion to Transfer Venue*

Defendant also requests that this Court grant its motion to transfer venue to the district court in the southern district of New York pursuant to 28 U.S.C. §1404 (a), which provides that "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." A transfer should only be granted if three conditions are met: venue must be proper in the district in which the suit is brought, venue must be proper in the district to which the party seeks to transfer the suit, and the transfer must serve the convenience of the parties and witnesses and promote the interest of justice. *See JDY Enterprises v. Martin*, No. 01 C 2266, 2001 WL 664551 at *3 (N.D. Ill. 2001).

The moving party bears the burden of establishing that the court it prefers is the "clearly more convenient" forum. *See Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219 (7th Cir. 1986), Defendant completely fails to establish that New York is the clearly more convenient forum. Instead, Defendant offers unsupported, conclusory legal propositions. The four sparse affidavits it attaches to its three paragraph request to transfer venue state that the witnesses would "find it extremely difficult, if not impossible to travel to Illinois to provide information or give testimony." The affidavits do not explain why these particular witnesses, who presumably work

near at least three major airports, would find it extremely difficult if not impossible to appear in Chicago, a city with two major airports. Nothing in the affidavits explains why New York is clearly more convenient for any other reason, either. This Court cannot further critique Defendant's position because Defendant proffers no further argument. The argument it does offer is insufficient to justify a transfer of venue. Defendant's motion to transfer venue is DENIED.

**Conclusion**

For the foregoing reasons, Defendant's motion to dismiss, or, in the alternative, to change venue, is DENIED.

Enter:

/s/ David H. Coar
David H. Coar
United States District Judge

Dated: 4/13/05